IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In the matter of:<br><br>ANDREW DAWOOD,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T,<br><br>　　　　　　Defendant. | Case Number: 18-cv-4974 |

**COMPLAINT AND JURY DEMAND**

　　NOW COMES Plaintiff ANDREW DAWOOD (hereinafter "Plaintiff"), by and through his attorney, Christina Abraham, complaining of Defendant ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T (hereinafter "Defendant") for violations of the Americans with Disabilities Act (hereinafter "ADA") of 1990 and the Age Discrimination in Employment Act of 1967. In support thereof, Plaintiff alleges as follows:

**Introduction**

　　1.　　Plaintiff was hired by Defendant in or around September, 2000 as a Telecommunications Specialist. Plaintiff is a disabled person within the meaning of the ADA. Beginning in 2012, Plaintiff had stents placed in his heart that require regular medical check-ups and less strenuous work activity. Plaintiff informed his employer of his disability and requested reasonable accommodations. In or around December 2015, Plaintiff was informed that he and dozens of other employees were to be laid off, but were given the opportunity to apply for other positions at Defendant. Plaintiff applied for and received another position in

1

or around March 2016, but three (3) days later was told to report to his previous post. On March 28, 2016, at Defendant's request, Plaintiff met with an HR representative, another manager, and his union representative. During this meeting, Plaintiff was informed that his newly-assigned post was being given to another employer with slightly more seniority. Plaintiff requested the new post that employee had just been assigned, but was denied. Plaintiff was informed that he would have to wait another thirty (30) days before Defendant could determine if and where it would place him. On or about April 25, 2016, Plaintiff was informed by Defendant that no other positions were available, even though employees with no disability and less seniority than Plaintiff, and who were laid off from the same department, received other positions. Plaintiff was also sixty-one (61) when he was laid off, and, upon information and belief, other similarly-situated employees who are younger than Plaintiff received new positions following the lay-off, including those with less seniority.

## Jurisdiction and Venue

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States. Plaintiff brings this action under the Americans with Disabilities Act of 1990 and the Age Discrimination in Employment Act of 1967. Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") on April 29, 2016. On April 27, 2018, the EEOC issued a Notice of Right to Sue to Plaintiff.

3.   Venue is proper under 28 U.S.C. § 1391(b), as Defendant conducts business in this judicial district and the events giving rise to the claims in this Complaint occurred in this district.

## Parties

4. Plaintiff ANDREW DAWOOD is a former employee of Defendant, and a 63 year old male with a disability. Plaintiff was hired by Defendant in or around September 2000 until approximately March 2016. At the time he was laid off, Plaintiff's position was Telecommunications Specialist.

5. Defendant Illinois Bell Telephone Company d/b/a AT&T is a telecommunications corporation that formerly employed Plaintiff. Upon information and belief, Defendant's headquarters for the Illinois and Indiana service areas is located in Chicago, Illinois.

## Factual Allegations

6. Plaintiff is a disabled person. Plaintiff has six (6) stents in his heart that require regular medical check-ups and less strenuous physical activity.

7. At the time he was laid off, Plaintiff was sixty-one (61) years old.

8. Plaintiff was hired by Defendant in or around September 2000 as a Telecommunications Specialist at Defendant's 10 South Canal location. Plaintiff's position did not require strenuous physical activity.

9. Sometime in 2012, Plaintiff had to undergo a heart procedure that required the placement of three (3) stents in his heart. In 2013, he had to undergo additional surgery to have another three (3) stents placed in his heart. Defendant was aware of Plaintiff's medical condition because Plaintiff had to take leave for the procedures, and had to attend regular check-up appointments with his physicians.

10. In or around December, 2015, Plaintiff was informed that he and dozens of others in his department were to be laid off due to a surplus of workers. In or around January 2016, Plaintiff and the other employees were informed that they could apply for other positions at other locations of Defendant.

11. Plaintiff applied for another position and underwent medical and background checks conducted for new employment candidates. Sometime thereafter, he was informed that he received a new assignment as Telecommunications Specialist at Defendant's 311 West Washington Street location.

12. Three (3) days after beginning his new position, Plaintiff was informed by his supervisor that he should return to his previous post, but was not immediately told the reason for the sudden change.

13. Plaintiff reported to his previous post, and was later asked to attend a meeting with his union representative and management of Defendant on March 28, 2016.

14. On March 28, 2016, Plaintiff reported for the meeting. Also in attendance were his local union representative, an employee from Human Resources, and another manager of Defendant.

15. During the meeting, Plaintiff was told that his new position was being given to another employee with slightly more seniority than him. Plaintiff then requested the position that employee had just been assigned, but was denied. The Human Resources employee told Plaintiff that he would need to make a new request for another assignment, which could take up to thirty (30) days. Plaintiff complied.

16. On or about April 25, 2016, Plaintiff was informed that there were no other positions to which he could be assigned, and that he should turn in his employee badge and security passwords.

17. Upon information and belief, other employees who had been laid off, and who had less seniority than Plaintiff, were given new assignments. This includes employees who are not disabled, and employees younger than Plaintiff.

18. Upon information and belief, including information provided by Plaintiff's union, Defendant did not want to provide Plaintiff with a new position because it did not want to continue having to accommodate his disability.

19. On April 29, 2016, Plaintiff filed a charge of discrimination with the EEOC.

20. On April 27, 2018, the EEOC issued Plaintiff a Notice of Right to Sue.

21. As a result, Plaintiff has suffered damages that include, but are not limited to, loss of income, loss of healthcare, and other pecuniary and emotional damages.

## Count I – Disability Discrimination

22. Plaintiff reasserts and realleges all previous paragraphs as if fully incorporated herein.

23. Defendant unlawfully discriminated against Plaintiff when it removed him from the position to which he had been reassigned, and then failed to assign him another position, while assigning other similarly-situated, non-disabled employees new positions. This included employees with less seniority than Plaintiff. Upon information and belief, including statements made to him by union representatives, Defendant's disparate treatment of Plaintiff was improperly motivated by Plaintiff's disability.

24. Consequently, Defendant violated the Americans with Disabilities Act of 1990.

## Count II – Age Discrimination

25. Plaintiff reasserts and realleges all previous paragraphs as if fully incorporated herein.

26. Defendant unlawfully discriminated against Plaintiff on the basis of his age when it removed him from the position to which he had been reassigned, and then failed to assign him to another position. Upon information and belief, other similarly-situated employees who

are younger than Plaintiff were treated more favorably in obtaining new positions. This included employees with less seniority than Plaintiff.

27. Consequently, Defendant violated the Age Discrimination in Employment Act of 1987.

## Conclusion and Prayer for Relief

WHEREFORE, Plaintiff ANDREW DAWOOD respectfully requests that this Honorable Court enter judgment in her favor and against Defendant ILLINOIS BELL TELEPHONE COMPANY d/b/a AT&T, awarding:

a. Actual damages;
b. Compensatory damages;
c. Punitive damages;
d. Costs;
e. Attorney's fees; and
f. Such other relief as the Court deems just and equitable.

Respectfully submitted,
ANDREW DAWOOD
Plaintiff

\_\_\_\_\_/s/Christina Abraham_____
By:   Christina Abraham
      Attorney for Plaintiff

July 20, 2018

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff

161 N. Clark Street, Suite 1600
312-588-7150